IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREEN4ALL ENERGY SOLUTIONS, INC., an Illinois corporation,<br><br>      Plaintiff,<br><br>v.<br><br>FLOW DYNAMICS, LLC, a Delaware Limited Liability Company, and TERAVALVE, LLC, a New Jersey limited liability company,<br><br>      Defendants. | Case No.:_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Green4All Energy Solutions, Inc. brings this action for tortious interference and unfair competition against both Defendants and for declaratory judgement of invalidity and unenforceability against Defendant Flow Dynamics, LLC.  Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is a civil action arising from Defendants' attempt to improperly drive competition, and namely Plaintiff, from the marketplace.  In February 2015, Defendant Flow Dynamics, LLC ("Flow Dynamics") filed a patent lawsuit in United States District Court for the Southern District of Florida against its rival, Chicago-based Green4All Energy Solutions, Inc. ("Green4All") and its principal, Dan Handley.

2.  The lawsuit was filed to drive Green4All from making and selling specifically designed valves for conserving water consumption among residential and commercial consumers.  However, soon after filing the lawsuit, Flow Dynamics made no effort to serve Green4All and Mr. Handley.  Instead, Flow Dynamics used the complaint to threaten

Green4All's distributors and customers by providing notice that they too would be sued for patent infringement if they conducted business with Green4All. In addition, Defendant TeraValve, which on information and belief is an exclusive distributor for Flow Dynamics, claimed to own U.S. Patent No. 8,707,981 ("the '981 patent) and threatened Green4All's distributors and customers that they would be sued for patent infringement if they conducted business with Green4All.

3. In bolstering the threats it was making, Flow Dynamics stated in the original complaint that Green4All and Mr. Handley were falsely marking their product, H2MinusO®, as being "patent pending," even though Green4All and Mr. Handley did have a patent application pending on their product.

4. However, realizing that the false marking claim lacked merit, Flow Dynamics later dropped its false marking claim and amended its complaint. Nevertheless, after dismissing its false marking claim, Flow Dynamics continued to pursue its patent infringement claim against Green4All and Mr. Handley despite never actually examining the accused device prior to bringing the patent infringement lawsuit. Instead, through its predatory patent infringement lawsuit as a means to an end, Flow Dynamics was allowed access to Green4All's H2MinusO® valve. Only then did Flow Dynamics realized the fallacy behind its patent infringement lawsuit and filed a second amended complaint to remove what it originally accused as the infringing device, the H2O Mini Mizer. Yet, Flow Dynamics continued the patent infringement lawsuit as if no harm has been put to Green4All. But the damage had already been done—Green4All was forced to incur legal costs and suffer significant business disruptions. It has also recently come to light that Flow Dynamics lacks standing to bring the patent infringement of the '981 patent because it is not the sole owner of the '981 patent. Green4All brings this lawsuit, therefore, in

order to seek recompense for the harm it has suffered as a result of Flow Dynamics' unfair and unlawful practices.

5. In addition, while Flow Dynamics' patent infringement lawsuit was pending, Flow Dynamics ' distributor, TeraValve LLC ("TeraValve"), represented to Green4All's distributors and customers that it owns the asserted patent, U.S. Patent No. 8,707,981 ("the '981 patent"), despite knowing that it does not, and threatened Green4All's distributors and customers that it will sue them for patent infringement even though TeraValve knows that it has no right to assert infringement of the '981 patent against anyone. Since then, TeraValve realized that it too made a mistake and softened its tone with an admission that it does not own the '981 patent and came up with an excuse that the assertion of patent infringement was simply a marketing error. Nonetheless, TeraValve continues to assert that it "owns a patented water saving valve" on its website, www.teravalve.net, when it admitted to Green4All that it does not. See Exhibit A. As a result of TeraValve's tactics, Green4All suffered significant business disruption that continues. Green4All therefore seeks compensatory and punitive damages to compensate it for the harm it suffered as a result and to punish both Defendants for their wrongful conduct and thereby deter a recurrence of such malicious and wanton conduct.

## NATURE OF THIS ACTION

6. This action arises under the patent laws of the United States, Title 35, United States Code, seeking a declaration of unenforceability and invalidity of U.S. Patent No. 8,707,981 ("the '981 patent"). A copy of the '981 patent is attached hereto as Exhibit B.

7. According to the cover page of the '981 patent, the patent issued on April 29, 2014.

8. The '981 patent issued based on U.S. Patent Application Serial No. 12/946,897 ("the '897 application") filed on November 16, 2010. The '897 application was published as U.S. Publication No. 2012/0118406 ("the '406 publication").

9. According to the cover page of the '981 patent, Flow Dynamics is purportedly the assignee of that patent.

10. The '981 patent purports to claim a system for increasing the efficiency of a water meter.

11. On or about April 22, 2015, in a case captioned, *Flow Dynamics, LLC v. Green4All Energy Solutions, Inc. and Daniel Handley*, Civil Action 9:15-cv-80219, in the Southern District of Florida, Flow Dynamics filed suit against Green4All for alleged infringement of the '981 patent (hereinafter "the Florida Litigation").

12. In the Florida Litigation, Flow Dynamics has amended its complaint twice to overcome the deficiencies of claims.

13. However, Flow Dynamics lacks standing to assert the '981 patent.

14. Green4All is informed, believes and alleges that Flow Dynamics will simply attempt to amend its complaint in the Florida Litigation for the third time in a futile attempt to overcome Green4All's concerns about Flow Dynamics' lack of standing.

15. On information and belief, Flow Dynamics' motives to continue the Florida Litigation is to taint Green4All's reputation, and harass and intimidate Green4All's distributors and customers.

16. In order to remove this cloud of uncertainty, therefore, Green4All seeks a declaration that the claims of the '981 patent are invalid and unenforceable.

17. This is also an action for an injunction, damages, and other appropriate relief arising out of Defendants' violations of the Lanham Act, 15 U.S.C. § 1125(a), as well as its unfair competition and tortious interference.

18. Green4All seeks damages and relief to enjoin Defendant's unfair competition and tortious interference with Green4All's customers, and potential customers.

## THE PARTIES

19. Plaintiff Green4All Energy Solutions, Inc. is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business in Chicago, Illinois.

20. Upon information and belief, Defendant Flow Dynamics, LLC is a limited liability organized and existing under the laws of State of Delaware, having its principal office in Encinitas, California.

21. Upon information and belief, Defendant TeraValve, LLC is a limited liability organized and existing under the laws of State of New Jersey, having its principal office in Summit, New Jersey.

## JURISDICTION AND VENUE

22. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the patent laws of the United States of America, Title 35 of the United States Code, and under Title 28 of the United States Code, § 1338(a) and (b), 15 U.S.C. § 1125(a)(1)(A), 28 U.S.C. § 1331, and 28 U.S.C. § 1367, as well as the principles of pendent jurisdiction.

23. This Court has personal jurisdiction over Flow Dynamics in this action on grounds that, upon information and belief, Flow Dynamics operates under the name Smart Valve, LLC and also conducts business in and throughout the State of Illinois, including over the Internet from its website, http://www.thesmartvalve.com, promoting its goods and services to

customers in Chicago, Illinois, and across the United States. Flow Dynamics has further sought to assert the '981 patent against Green4All's business operations in this District by demanding Green4All, and its distributors and customers, cease design, manufacture, and promotion of its allegedly infringing products.

24. This Court has personal jurisdiction over TeraValve in this action on the basis that, upon information and belief, TeraValve conducts business in and throughout the State of Illinois, including over the Internet from its website, http://www.teravalve.net, promoting its goods and services to customers in Chicago, Illinois, and across the United States. TeraValve has further interfered or attempted to interfere with Green4All's business operations in this District by demanding Green4All, including its distributors, customers, and potential customers cease design, manufacture, and promotion of its allegedly infringing products.

25. Venue is proper in this district under 28 U.S.C. § 1391 as Defendants seek to restrict Green4All's business operations, which arises from Green4All's importation, sale, use, and promotion of its allegedly infringing products within this District.

### FLOW DYNAMICS' UNLAWFUL AND UNFAIR CONDUCT

26. For several years, Flow Dynamics has manufactured and sold a valve assembly called the Smart Valve.

27. In or around 2010, Green4All introduced its own valve assembly called H2MinusO®.

28. Flow Dynamics wanted to block Green4All from competing with Flow Dynamics in this market, and Flow Dynamics decided to take whatever action it could to block the entry.

29. Among other things, Flow Dynamics decided to, and did, file suit against Green4All, in February 2015, in the United States District Court for the Southern District of

Florida (*Flow Dynamics, LLC v. Green4All Energy Solutions, Inc. and Daniel Handley*, Civil Action 9:15-cv-80219). Flow Dynamics' lawsuit accused Green4All and the owner, Mr. Dan Handley, of infringing U.S. the '981 patent, a patent that had been assigned to Flow Dynamics some time before.

30. Flow Dynamics also accused Green4All and Mr. Handley of falsely marking the allegedly accused product, H2MinusO®, as being "patent pending."

31. Green4All immediately informed Flow Dynamics that it does have a patent pending for the H2MinusO® and demanded Flow Dynamics to dismiss the false marking claim.

32. Shortly after the demand, Flow Dynamics dismissed the false marking claim even though it continues to maintain that the false marking claim is valid because it wanted to "streamline" the case.

33. When Flow Dynamics filed its first amended complaint in April 22, 2015, Green4All informed Flow Dynamics that there was no conceivable way that its product could infringe the '981 patent because the product it accuses of, *i.e.*, H2O Mini Mizer, was discontinued before the '981 patent issued.

34. Shortly thereafter, Flow Dynamics moved to amend its complaint for the second time "for the purpose of clarifying the identification of the product accused of infringement." The Court granted Flow Dynamics' motion, and Flow Dynamics filed the Second Amended Complaint on June 30, 2015.

35. Again, Green4All informed Flow Dynamics that its actual product, H2MinusO®, could not conceivably infringe the '981 patent, and this was obvious from the outset. Among other reasons, Green4All's valve assembly does not have two opposing shoulders extending

perpendicularly from a surface of a retainer, the only type of retainer claimed in the '981 patent. Instead, it has no opposing shoulders.

36. Indeed, Green4All's valve has the similarly identical structure as the prior art products that Flow Dynamics knew about and that are described on the face of the '981 patent as prior art.

37. This opposing shoulders extending from the retainer was one key aspect that Flow Dynamics expressly argued to distinguish its invention over the cited prior art. For this and other reasons, the '981 patent could not possibly read on the H2MinusO® valve, and Flow Dynamics must or should have realized this fact before they sued Green4All and Mr. Handley on the patent.

38. In addition, Flow Dynamics failed to perform a reasonable pre-filing investigation before it sued Green4All and Mr. Handley because Flow Dynamics' infringement contentions was based on a product that was discontinued prior to the issuance of the '981 patent.

39. In fact, on information and belief, Flow Dynamics had never investigated the H2MinusO® valve until after it initiated the Florida Lawsuit.

40. Further, prior to Flow Dynamics seeking leave to amend its complaint for the second time in June 30, 2015, Green4All reiterated its non-infringement position that there was no conceivable way that its product could infringe the '693 patent.

41. Among other reasons, the asserted claim is a system that includes a water supply reservoir, a distribution network interconnected to the water supply reservoir, a water meter, and a valve assembly. Green4All's H2MinusO® is a valve. The H2MinusO® does not include a water supply reservoir, a distribution network, or a water meter.

42. Nonetheless, Flow Dynamics continues to pursue the claims against Green4All and Mr. Handley under the '981 patent, seeking, among other things, injunctive relief intended to force Green4All from the market.

43. On further information and belief, Flow Dynamics lacks standing to bring a patent infringement lawsuit over the '981 patent.

44. On information and belief, the inventor of the '981 patent, Richard Edgeworth, previously assigned the patent application that ultimately issued as the '981 patent to Michel Faligant, and his company NEVES, Inc. on or around December 10, 2010.

45. Subsequent to the December 10th assignment Mr. Faligant assigned his ownership in the patent application now issued as the '981 patent back to Mr. Edgeworth in September 1, 2011.

46. In February 20, 2012, Mr. Edgeworth assigned the patent application for the '981 patent to Flow Dynamics and recorded the assignment before the U.S. Patent and Trademark Office, purportedly to give notice that Flow Dynamics owns the '981 patent.

47. However, NEVES, Inc. did not transfer its ownership and license in the patent application that ultimately issued as the '981 patent.

48. As such, the December 10, 2010 assignment and license to NEVES, Inc. for the patent application, now the '981 patent, is still valid, which means NEVES, Inc. is a co-owner of the '981 patent.

49. Therefore, the United States District Court for the Southern District of Florida no longer has jurisdiction to hear the claims relating to the '981 patent.

50. However, despite Flow Dynamics' lack of standing to pursue its infringement claims in the Florida Lawsuit, Green4All is informed and believes and alleges that Flow

9

Dynamics is likely to continue to pursue its baseless claims against Green4All under the '981 patent in order to impose great expense on Green4All and to discourage Green4All's distributors from purchasing the H2MinusO® valves.

51. Green4All is informed, believes and alleges that Flow Dynamics' campaign is to impose huge costs on Green4All, so as to attempt to force Green4All to settle the case, and not pursue Green4All's rights, including those asserted here, all as part of Flow Dynamics' efforts to unlawfully obtain control of the market.

52. Furthermore, Flow Dynamics has used, and continues to use, the lawsuit against Green4All and Mr. Handley as a sword. In this regard, Flow Dynamics has actively pursued letter campaigns to threaten and discourage Green4All's distributors from doing businesses with Green4All. Flow Dynamics even went so far as to taint Green4All's reputation by demanding Green4All's distributors to disassociate business relations with Green4All and encouraging them to become one of Flow Dynamics' distributors. As a result, Green4All's distributors that had open purchase orders with Green4All to buy the H2MinusO® valves ceased making any orders for the H2MinusO® valves to the economic detriment to Green4All.

**TERAVALVE'S UNLAWFUL AND UNFAIR CONDUCT**

53. Shortly after Flow Dynamics launched its frivolous patent infringement lawsuit against Green4All and Mr. Handley, TeraValve's President Paul Pape contacted Green4All's distributors to inform them that TeraValve owns the '981 patent and threatened Green4All's distributors with patent infringement actions for using the H2MinusO® valve.

54. Despite TeraValve's knowledge that it does not own, or has any right to assert, the '981 patent against anyone, TeraValve has made these infringement allegations and has threatened to sue Green4All's distributors and its customers in bad faith.

55. TeraValve's false allegations of infringement were made intentionally, are unjustified, and were made with knowledge of Green4All's business relationships with its distributors and customers for the purpose of interfering with Green4All's current and future business relations and to steal Green4All's distributors and customers.

56. TeraValve continues to use predatory conduct in its efforts to interfere with Green4All's business in the relevant market. In this regard, TeraValve continues to advertise on its website, www.teravalve.net, that it "owns a patented water saving valve" despite admitting to Green4All that it does not. See Exhibit A.

57. TeraValve made false statements that it owns the '981 patent and that the H2MinusO® valve infringe the '981 patent to Green4All's distributors in telephone calls, text messages, and emails that occurred in early 2015.

58. TeraValve's statements to Green4All's distributors that the H2MinusO® infringe the '981 patent were objectively baseless.

59. TeraValve made false statements that the H2MinusO® valve infringe the '981 patent to Green4All's distributors in bad faith with intent to harm Green4All.

60. TeraValve made such false statements to Green4All's distributors with intent to induce them to terminate its business relations with Green4All.

61. TeraValve made such false statements to Green4All's distributors and other potential customers with intent to induce such potential customers to refuse to do business with Green4All.

62. After receiving Defendants' false statements and as a result of receiving such false statements, those distributors refused to do business with Green4All.

63. As a direct and proximate result of TeraValve's unfair competition, Green4All has suffered pecuniary loss in the form of actual damages and lost profits in an amount to be proven at trial.

## COUNT ONE
## UNFAIR COMPETITION UNDER THE LANHAM ACT

64. Green4All reasserts and incorporates the allegations of Paragraphs 1-63 as if fully set forth herein.

65. The aforesaid false and misleading statements made by Flow Dynamics and TeraValve, including the false statements made in the Press Release and the false statements made by emails, letters, and telephone calls to distributors, customers, and potential customers of Green4All constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. These false and misleading statements constitute material misrepresentations which were and are likely to influence existing and potential customers of Green4All not to do business with Green4All.

67. The false and misleading statements were and are being made in commerce by Flow Dynamics and TeraValve in the context of promoting their water valves called the Smart Valve.

68. The false and misleading statements have and are creating a likelihood that customers and potential customers of Green4All will be deceived and have and are creating a likelihood of injury to Green4All.

69. Upon information and belief, customers and potential customers of Green4All were deceived by the false and misleading statements of Flow Dynamics and TeraValve.

70. The false and misleading statements were made and are being made by Flow Dynamics and TeraValve willfully and in bad faith.

71. The false and misleading statements are objectively baseless.

72. As a direct and proximate result of the acts of Flow Dynamics and TeraValve, Green4All is without an adequate remedy at law.

## COUNT TWO
## TORTIOUS INTERFERENCE

73. Green4All reasserts and incorporates the allegations of Paragraphs 1-72 as if fully set forth herein.

74. TeraValve made false statements that it owns the '981 patent and that the H2MinusO® valve infringe the '981 patent to Green4All's distributors in telephone calls, text messages, and emails that occurred in early 2015.

75. TeraValve's statements to Green4All's distributors that the H2MinusO® infringe the '981 patent were objectively baseless.

76. TeraValve made false statements that the H2MinusO® valve infringe the '981 patent to Green4All's distributors in bad faith with intent to harm Green4All.

77. TeraValve made such false statements to Green4All's distributors with intent to induce them to terminate its business relations with Green4All.

78. TeraValve made such false statements to Green4All's distributors and other potential customers with intent to induce such potential customers to refuse to do business with Green4All.

79. After receiving Defendants' false statements and as a result of receiving such false statements, [ ] refused to do business with Green4All.

80. TeraValve continues to use predatory conduct in its efforts to interfere with Green4All's business in the relevant market. In this regard, TeraValve continues to advertise on

its website, www.teravalve.net, that it "owns a patented water saving valve" despite admitting to Green4All that it does not.

81. As a direct and proximate result of TeraValve's unfair competition, Green4All has suffered pecuniary loss in the form of actual damages and lost profits in an amount to be proven at trial.

**COUNT THREE**
**CLAIM FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT**

82. Green4All reasserts and incorporates the allegations of Paragraphs 1-81 as if fully set forth herein.

83. No product Green4All makes, markets, distributes, uses, sells, or offers to sell infringes the '981 patent.

84. Green4All has neither contributed to nor induced another's infringement of the '981 patent.

85. Green4All seeks a judgment declaring that the claims of the '981 patent are not infringed and have not been infringed by Green4All.

**COUNT FOUR**
**CLAIM FOR DECLARATORY JUDGEMNT OF INVALIDITY**

86. Green4All reasserts and incorporates the allegations of Paragraphs 1-85 as if fully set forth herein.

87. The '981 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 200, et seq., and 301 et seq.

88. Green4All seeks a judgment declaring that the claims of the '981 patent are invalid.

14

## JURY DEMAND

89. Pursuant to Fed. R. Civ. P. 38, Green4All demands a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Green4All prays for judgment and relief as follows:

A. Declaring that Flow Dynamics and TeraValve are jointly and severally liable to Green4All on its claim for tortious interference and unfair competition and be permanently enjoined from the following acts:

    a. Making false statements that Green4All, or anyone acting in concert, infringe any claims of the '981 patent; and

    b. Tortuously interfering with the relationship between Green4All and any of its existing or potential customers in any manner;

B. Entering judgment that Green4All receive from Flow Dynamics, and TeraValve , jointly or severally, all profits earned by them as a result of their improper conduct;

C. Entering judgment that Green4All is entitled to recover from Flow Dynamics, and TeraValve, jointly and severally, all monetary damages caused by Flow Dynamics' and TeraValve' misconduct to which Green4All is entitled;

D. Entering judgment that Flow Dynamics and TeraValve are required to pay Green4All exemplary and punitive damages, including but not limited to three times the actual damages caused by Flow Dynamics' and TeraValve's improper conduct;

E. Declaring that the '981 patent is invalid;

F. Declaring that the asserted claims of the '981 patent are not infringed by Green4All;

15

G.  Declaring that Green4All, or anyone acting in concert, have not induced or contributed to the infringement of any claims of the '981 patent by anyone;

H.  Entering judgment that, based on the conduct of Flow Dynamics, this is an exceptional case under 35 U.S.C. § 285 and awarding Green4All its costs and attorneys' fees; and

I.  Awarding Green4All such further and additional relief as the Court deems just and proper.

DATED: August 5, 2015    Respectfully submitted,

/s/Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Bishop Diehl & Lee, Ltd.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff Green4All Energy Solutions, Inc.*